110 P.3d 1196 (2005)
NORTHWEST MOTORCYCLE ASSOCIATION, Paul Ostbo, Richard Law, and Byron Stuck, Appellants,
v.
STATE of Washington INTERAGENCY COMMITTEE FOR OUTDOOR RECREATION, Laura Eckert Johnson, in her capacity as Director thereof, State of Washington Parks and Recreation Commission, Rex Derr, in his capacity as Director thereof, State of Washington Department of Natural Resources, and Doug Sutherland, in his capacity as Administrator thereof, Issaquah Alps Trails Club, North Cascades Conservation Council, Washington Trails Association, Sierra Club, the Mountaineers, and Kittitas Audubon Society, Respondents.
No. 22854-1-III.
Court of Appeals of Washington, Division 3, Panel Six.
May 5, 2005.
*1197 James L. Buchal, Attorney at Law, Portland, OR, for Appellant.
Michael J. Rollinger, Barbara Herman, Attorney General Office, Spencer W. Daniels, Susan E. Thomsen, Attorneys at Law, Olympia, WA, John C. Bjorkman, Jonah Harrison, Preston, Gates & Ellis LLP, Seattle, WA, for Respondent.
SCHULTHEIS, J.
¶1 Northwest Motorcycle Association[1] filed suit to enjoin allegedly unconstitutional expenditures of state motor vehicle license and fuel tax revenues on recreational trails that cannot be used by motorized vehicles. The Kittitas County superior court dismissed the motorcycle association's suit on summary judgment and it appeals, contending the statute authorizing the expenditures violates article II, section 40 of the Washington Constitution. We find that the expenditures constitute refunds authorized by article II, section 40, and affirm.

FACTS
¶2 In 1944, responding to concern that gasoline[2] excise tax revenues were being diverted from street and highway improvement to nonhighway uses, the citizens of Washington enacted article II, section 40 of the Washington Constitution. This amendment provides that motor vehicle license fees and excise taxes on the sale, distribution, or use of motor vehicle fuel must be used "exclusively for highway purposes." Wash. Const. art II, § 40. One of the listed highway purposes is "[r]efunds authorized by law for taxes paid on motor vehicle fuels." Wash. Const. art. II, § 40(d). The term "refunds" was not defined.
¶3 In 1971, the Washington legislature enacted RCW 46.09.170, which currently provides that at least annually the state treasurer must "refund" one percent of the gasoline tax revenues for use in off-road vehicle (ORV) and nonhighway projects, including recreation facilities.[3] A "nonhighway road" is defined by statute as any publicly used road that is not a highway capable of travel by a two-wheeled drive vehicle and that is not maintained by appropriations from the motor vehicle fund. RCW 46.09.020. RCW 46.09.170 was amended in 2003 to provide that a portion of the refund could be used by the state parks and recreation commission to construct and upgrade trails and related facilities for both motorized and nonmotorized uses.[4] Laws of 2003, 1st sp. sess., ch. 26, § 920. The funding for nonhighway and ORV activities under RCW 46.09.170 is generally referred to as the NOVA program and is administered by the Interagency Committee for Outdoor Recreation (IAC).
¶4 Northwest Motorcycle Association, a nonprofit corporation, filed a petition for judicial review of an agency action in April 2003 and requested a declaration that those portions of the statutory amendments authorizing *1198 use of the gasoline excise tax refund for nonmotorized recreation facilities were unconstitutional. In its second amended petition, filed in October 2003, the motorcycle association named the IAC, the Parks and Recreation Commission, the Department of Natural Resources, and the directors of these organizations as respondents (hereafter collectively referred to as the IAC). By corrected order in December 2003, the trial court granted a motion to intervene filed by Issaquah Alps Trails Club, North Cascades Conservation Council, Washington Trails Association, The Sierra Club, The Mountaineers, and Kittitas Audubon Society. These entities intervened as respondents.
¶5 All parties filed cross motions for summary judgment. By memorandum opinion filed on January 28, 2004, the trial court found that use of the gasoline excise tax refund for nonmotorized recreation projects was authorized as a highway purpose under article II, section 40. The trial court granted the respondents' motions for summary judgment and dismissed the motorcycle association's petition and claims with prejudice. This appeal timely followed.

USE OF THE GASOLINE EXCISE TAX REFUND FOR NONMOTORIZED RECREATION
¶6 The sole issue on appeal is whether those portions of RCW 46.09.170 authorizing the use of the refund from the gasoline excise tax to construct and maintain nonmotorized recreation trails and facilities are unconstitutional. The trial court dismissed the motorcycle association's suit on summary judgment, concluding that the term "refunds authorized by law" in article II, section 40 of the Washington Constitution unambiguously included the refund authorized by RCW 46.09.170. We review the trial court's decision de novo. Pierce County v. State, 150 Wash.2d 422, 429, 78 P.3d 640 (2003). Summary judgment was properly granted if there were no genuine issues of material fact and the IAC was entitled to judgment as a matter of law. Id.; CR 56(c).
¶7 We begin with the general rule that statutes are presumed constitutional. Pierce County, 150 Wash.2d at 430, 78 P.3d 640; Retired Pub. Employees Council of Wash. v. Charles, 148 Wash.2d 602, 623, 62 P.3d 470 (2003). The party seeking to overcome that presumption carries the heavy burden of establishing unconstitutionality beyond a reasonable doubt. Pierce County, 150 Wash.2d at 430, 78 P.3d 640; Charles, 148 Wash.2d at 623, 62 P.3d 470. "This burden of proof is in keeping with the fact that `[t]he Legislature possesses a plenary power in matters of taxation except as limited by the Constitution.'" State ex rel. Heavey v. Murphy, 138 Wash.2d 800, 808-09, 982 P.2d 611 (1999) (quoting Belas v. Kiga, 135 Wash.2d 913, 919, 959 P.2d 1037 (1998)). Determination of the meaning and scope of a constitutional provision is a judicial function. Id. at 810, 982 P.2d 611. However, we cannot declare a statute unconstitutional unless it conflicts with a specific or definite provision of the state constitution. Id. at 813, 982 P.2d 611.
¶8 In this case, the motorcycle association contends the refunds authorized by article II, section 40 do not justify use of funds from the gasoline excise tax to finance construction and maintenance of nonmotorized recreation trails and facilities. The pertinent language from article II, section 40 is as follows:
HIGHWAY FUNDS. All fees collected by the State of Washington as license fees for motor vehicles and all excise taxes collected by the State of Washington on the sale, distribution or use of motor vehicle fuel and all other state revenue intended to be used for highway purposes, shall be paid into the state treasury and placed in a special fund to be used exclusively for highway purposes. Such highway purposes shall be construed to include the following:
(a) The necessary operating, engineering and legal expenses connected with the administration of public highways, county roads and city streets;
(b) The construction, reconstruction, maintenance, repair, and betterment of public highways, county roads, bridges and city streets ...;
...;
(d) Refunds authorized by law for taxes paid on motor vehicle fuels;

*1199 (e) The cost of collection of any revenues described in this section.
WASH. CONST. art. II, § 40 (emphasis added). The motorcycle association argues that, in the plain language and context of the constitutional provision, the refund in section (d) can only mean a return to taxpayers of the gasoline taxes paid on fuel that was not used on a public highway, county road, bridge, or city street. Consequently, our analysis turns to the meaning of "refunds authorized by law" as used in article II, section 40.
¶9 "When interpreting constitutional provisions, we look first to the plain language of the text and will accord it its reasonable interpretation." Wash. Water Jet Workers Ass'n v. Yarbrough, 151 Wash.2d 470, 477, 90 P.3d 42 (2004), cert. denied, ___ U.S. ___, 125 S.Ct. 1070, 160 L.Ed.2d 1068 (2005). We give the words of the text their ordinary meaning at the time they were drafted. Id. The historical context of the constitutional provision should also be considered. Westerman v. Cary, 125 Wash.2d 277, 288, 892 P.2d 1067 (1994).
¶10 In drafting article II, section 40, its framers intended to insure that motor vehicle license fees and gasoline taxes paid by drivers using public highways, county roads, and city streets would be used to construct and maintain the highways, roads, and streets upon which they drive. Heavey, 138 Wash.2d at 810-11, 982 P.2d 611 (quoting State ex rel. O'Connell v. Slavin, 75 Wash.2d 554, 559, 452 P.2d 943 (1969)). This intent is clearly expressed in the unambiguous language of the provision. Id. at 810, 982 P.2d 611. By including "refunds authorized by law for taxes paid on motor vehicle fuels" as a "highway purpose," the framers apparently intended to return the share of those taxes paid by drivers who expended fuel driving on roadways other than public highways, roads, and streets. CONST. art. II, § 40. Thus, the refund is paradoxically a "highway purpose" for taxes levied on nonhighway driving.
¶11 The cases cited by the motorcycle association representing the legislature's unconstitutional attempts to use motor vehicle funds in conflict with the highway purposes provided in article II, section 40 are inapposite. See O'Connell, 75 Wash.2d 554, 452 P.2d 943 (maintenance of a public transportation system is not a highway purpose); Wash. State Highway Comm'n v. Pac. N.W. Bell Tel. Co., 59 Wash.2d 216, 367 P.2d 605 (1961) (cost for relocating utility facilities on a right-of-way is not a highway purpose); Auto. Club of Wash. v. City of Seattle, 55 Wash.2d 161, 346 P.2d 695 (1959) (payment of a tort judgment against the city for negligent operation of a bridge is not a highway purpose). In each of these cases, the Supreme Court was concerned with whether the particular use of the motor vehicle fund was "exclusively for highway purposes" under article II, section 40. A refund authorized by law is clearly authorized by the provision. Consequently, our only concern is whether the funds transferred to the NOVA program qualify as refunds authorized by law.
¶12 The motorcycle association on the one hand argues that a refund unambiguously means the actual return of gasoline taxes to people who used the gasoline for nonhighway purposes. On the other hand, the motorcycle association seems to contend that the refund can also mean a transfer of these funds to NOVA, as long as the funds are used to construct and maintain nonhighway trails open to motorized vehicles. We accept neither suggestion. The phrase "refunds authorized by law for taxes paid on motor vehicle fuels" is unambiguous. A refund is generally "a sum that is paid back." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1910 (1993). Article II, section 40 merely provides that this sum must be authorized by law and that it is paid back from taxes paid for gasoline. The clear inference is that the sum should be returned to those people who used the gasoline for nonhighway purposes.
¶13 At the time of the enactment of article II, section 40, Washington statutes already authorized refunds for nonhighway use of fuel. See, e.g., RCW 82.36.280; Mason-Walsh-Atkinson-Kier Co. v. Case, 2 Wash.2d 33, 97 P.2d 165 (1939). These refunds generally applied to all internal combustion vehicles that were not motor vehicles licensed to be operated on the public highways. RCW 82.36.280. According to statistics compiled *1200 in an IAC-sponsored survey involving 7,252 Washington vehicle owners, over 25 million gallons of gasoline were used in 2002 to travel on nonhighway roads (including back roads and off-road trails). Direct refunds to those who purchased gasoline for these nonhighway road trips is not practical due to the number of recipients and the difficulty in providing proof of the nonhighway use. Consequently, the legislature directed that one percent of the total gasoline excise taxes, representing nonhighway use of gasoline, would be refunded annually to a program that would benefit the nonhighway travelers who purchased the gasoline. RCW 46.09.170. The benefit comes in the form of ORV, nonmotorized, and nonhighway recreational uses.
¶14 This is a legislative policy, so our task is simply to determine if RCW 46.09.170 is constitutional. Heavey, 138 Wash.2d at 813, 982 P.2d 611. Giving the appropriate deference, we conclude that an annual one percent withdrawal from the motor vehicle fund (an estimate of the taxes paid for nonhighway gasoline use) falls within the refund authorized by article II, section 40. The legislature's dispersal of that refund through NOVA for the benefit of the affected taxpayers comes within its plenary powers of taxation. Heavey, 138 Wash.2d at 808-09, 982 P.2d 611. We find nothing in article II, section 40 that specifically prohibits the legislature from dispersing the "refund" as it sees fit. Id. at 813, 982 P.2d 611. RCW 46.09.170 is then constitutional. We affirm the summary dismissal of Northwest Motorcycle Association's challenge to this legislative scheme. Pierce County, 150 Wash.2d at 429, 78 P.3d 640.
¶15 Affirmed.
WE CONCUR: SWEENEY, A.C.J., and KURTZ, J.
NOTES
[1] Three members of the motorcycle associationPaul Ostbo, Richard Law, and Byron Stuckare also parties to the lawsuit.
[2] We use the term "gasoline" to refer generically to all types of motor vehicle fuel.
[3] Early versions of the statute provided that a portion of the motor vehicle fund representing fuel purchased for all-terrain vehicles should be refunded and placed in a special fund for construction and maintenance of trails for all-terrain vehicles. LAWS OF 1971, ex. sess., ch. 47, § 22; LAWS OF 1972, ex. sess., ch. 153, § 15. The one percent cap on this refund was first adopted in LAWS OF 1974, extraordinary session, chapter 144, section 3. Language tying the refund to fuel used by all-terrain vehicles was removed from the statute in 1975. LAWS OF 1975, 1st ex. sess., ch. 34, § 1. An amendment in 1977 first authorized the use of the refund for nonhighway purposes other than all-terrain (ORV) trails. LAWS OF 1977, ex. sess., ch. 220, § 14.
[4] The statute was first amended to authorize use of the gasoline tax refund for nonmotorized recreational uses in 2002. LAWS OF 2002, ch. 238, § 123(3)(b). This budgetary amendment expired in June 2003 and was replaced by the 2003 amendments. The 2003 amendments in turn expire on June 30, 2005 and will be replaced by amendments adopted in LAWS OF 2004, ch. 105, §§ 5-6.